# Boyer, Appellant, *v.* Weimer.

*Deeds—Fraudulent conveyance—Purchaser from fraudulent grantee.*

Bona fide purchasers from a fraudulent grantor are protected by the statute of 13 Elizabeth, ch. 5, and it is a settled rule that the protection extends to a purchaser from a fraudulent grantee. The deed of a fraudulent grantor is not a nullity nor ineffective to divest his title as against the paramount interest of a bona fide purchaser.

In an action of ejectment where it appears that the defendant claims title as a purchaser at a sheriff's sale under a judgment entered months after the defendant in the execution had conveyed the property to the plaintiff's grantor, the fact that there was evidence of fraud in the conveyance by the defendant in the execution to plaintiff's grantor, without any evidence of fraud in the conveyance to the plaintiff, does not justify the court in charging that if the conveyance by the defendant in the execution was not made in good faith, but for the purpose of defrauding creditors, it was void, and the plaintiff's grantor acquired no titles and had none to convey to plaintiff.

*Evidence—Declarations after grant—Fraud.*

The general rule that the declarations of a grantor made after the execution of a grant cannot be used to impeach it, has been so far modified that when the good faith of a transfer has been attacked by creditors and some evidence has been advanced to show a common purpose or design by the parties to hinder, delay or defraud creditors, subsequent declarations by the grantor are admissible. A prerequisite to the admission of such declarations is some evidence of fraud and collusion between the grantor and the grantee,

Argued Oct. 15, 1902. Appeal, No. 135, Oct. T., 1902, by plaintiff, from judgment of C. P. Cambria Co., June T., 1901, No. 90, on verdict for defendant, in case of Harry Boyer v. S. A. Weimer and A. L. Keagy. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Ejectment for a lot of ground in the city of Johnstown. Before O'Connor, P. J.

At the trial it appeared that the title to the land in controversy was originally in Annie D. Keck. On January 21, 1895, Mrs. Keck and her husband conveyed the land to Savilla Allison. On November 29, 1900, Savilla Allison conveyed the

land to the plaintiff, Harry Boyer.  Both conveyances were by deeds of general warranty.

On December 12, 1895, S. A. Weimer secured a judgment against Annie D. Keck, and on execution under said judgment bought in the property at sheriff's sale.  Weimer secured possession of the premises from a tenant.

Under objection and exception the court admitted evidence of declarations made by Mrs. Keck after the execution of the deed from her to Mrs. Allison. [5, 6]

The court also admitted under objection and exception the record in the case of Weimer v. Keck. [7]

The court charged in part as follows:

[There is one thing in passing that we want to call your attention to (we believe the record will show some little evidence on this question), namely, if there is any evidence to satisfy the jury that Savilla Allison was a married woman at the time she made the deed, the title of the plaintiff in this case would not be perfect, in other words, his title would not be good.  Savilla Allison, if she were a married woman, could not convey a good title without her husband joining in the conveyance.  On the other hand, she could transfer title if she were not a married woman at the time of the transfer.] [9]

[We have permitted counsel for defendants to call, as if upon cross-examination, Annie D. Keck, who made that transfer, and we permitted them to call her because she was an interested person.  If the transfer was not a bona fide one, then the plaintiff in this case was misled, and he having a warrantee deed, as shown by the evidence, might recover his purchase money.] [10]

[We submit all the evidence to you and advise you that you can pass upon that evidence.  If it satisfies you that the transfer from Mrs. Annie D. Keck to Savilla Allison was made for the purpose we have stated, and was a fraudulent transfer, then on the principle that fraud vitiates all contracts, that contract would be void and would pass no title to Savilla Allison, and, having no title, she could not convey any to the plaintiff in this case.  Now, gentlemen, it narrows down to that.] [11]

Verdict and judgment for defendants.  Plaintiff appealed.

*Errors assigned* were (5, 6, 7) ruling on evidence, quoting the bill of exceptions; (9, 10, 11), above instructions, quoting them.

*S. L. Reed*, for appellant.—Declarations made by a grantor in his own interest in the absence of the grantee are not admissible against the title of the latter's devisee: Widdall v. Garsed, 125 Pa. 358; Kennedy v. Erdman, 150 Pa. 427; McLaughlin v. McLaughlin, 91 Pa. 462; McElfatrick v. Hicks, 21 Pa. 402; Scott v. Heilager, 14 Pa. 238; Edwards v. Morgan, 100 Pa. 330; Burgess v. Burgess, 109 Pa. 312; Kitchline v. Lobach, 125 Pa. 295; Reehling v. Byers, 94 Pa. 316; Battles v. Laudenslager, 84 Pa. 446.

The defendants based their whole case on the theory of fraud at the time the conveyance was made by Annie D. Keck to Savilla Allison. The court then should have instructed the jury that before they could find for the defendant, fraud must have been proved by evidence which was clear, precise and indubitable: Penna. R. R. Co. v. Shay, 82 Pa. 198; Cummins v. Hurlbutt, 92 Pa. 165; Abbey v. Dewey, 25 Pa. 413; Smith v. National Life Ins. Co., 103 Pa. 177; Ogden v. Phila., etc., Traction Co., 202 Pa. 480; Morton v. Weaver, 99 Pa. 47; Mead v. Conroe, 113 Pa. 220; Jones v. Lewis, 148 Pa. 234; Hagy v. Poike, 160 Pa. 522; Graham v. Pancoast, 30 Pa. 89; Nace v. Boyer, 30 Pa. 99.

*Robert S. Murphy*, with him *Thomas E. Murphy, D. P. Weimer, G. C. Keim, H. E. Baumer* and *R. E. Creswell*, for appellees.—The declarations of Mrs. Keck were admissible: Wilbur v. Strickland, 1 Rawle, 458; McDowell v. Rissell, 37 Pa. 164; Souder v. Schechterly, 91 Pa. 83; Hartman v. Diller, 62 Pa. 37; Scott v. Heilager, 14 Pa. 238; McElfatrick v. Hicks, 21 Pa. 402; Confer v. McNeal, 74 Pa. 112; Tripner v. Abrahams, 47 Pa. 220; Brinks v. Heise, 84 Pa. 246.

It is respectfully submitted that under the testimony in this case, the transfer from Annie D. Keck to Savilla Allison was a fraudulent transfer, made with intent to hinder, delay and defraud the creditors of Annie D. Keck, and especially S. A. Weimer, who was at the time of the transfer pursuing his claim in the court of common pleas of Cambria county, and

that Harry Boyer, the plaintiff in this action, has no better standing than Savilla Allison, who was a volunteer party to the original fraudulent transfer : Morrow v. Brenizer, 2 Rawle, 185 ; McKee v. Gilchrist, 3 Watts, 230 ; Irwin v. Keen, 3 Wh. 347 ; McClurg v. Lecky, 3 P. & W. 83 ; Clark v. Depew, 25 Pa. 509 ; Walker v. Butz, 1 Yeates, 574 ; Okie v. Kelly, 12 Pa. 323 ; Covanhovan v. Hart, 21 Pa. 495 ; Reichart v. Castator, 5 Binney, 109 ; Shontz v. Brown, 27 Pa. 123 ; Kaine v. Weigley, 22 Pa. 179 ; Miner v. Warner, 2 Grant's Cases, 448 ; Kepner v. Burkhart, 5 Pa. 478 ; Deakers v. Temple, 41 Pa. 234.

OPINION BY MR. JUSTICE FELL, January 5, 1903 :

Apparently there was much merit in the defense, but the case was submitted to the jury on grounds that are untenable. The real estate for which ejectment was brought was conveyed in January, 1895, by Annie D. Keck to Savilla Allison, who in March, 1900, conveyed it to Henry Boyer, the plaintiff. In December, 1895, more than eleven months after Mrs. Keck had parted with her title, a judgment was obtained against her, and in September, 1897, the real estate was sold by the sheriff, under proceedings under the judgment, as her property. The defendant was the purchaser at the sheriff's sale, and obtained possession of the property from the tenant who occupied it.

It will be seen that the plaintiff had a perfect record title. The defendant had none as the judgment under which the sale was made was not a lien. The defendant, therefore, could succeed only by showing that both of the transfers, by which the title was vested in the plaintiff, were collusive and fraudulent. He succeeded in showing circumstances connected with the transfer from Mrs. Keck to Savilla Allison that cast doubt on the good faith of the parties to that transfer; but there was not a word of competent testimony that tended to impeach the conveyance to the plaintiff. As the case stood at the close of the testimony, the plaintiff was entitled to a peremptory direction in his favor.

The court, however, instructed the jury that if the transfer by Mrs. Keck was made not in good faith but for the purpose of defrauding her creditors, it was void, and that Savilla Allison

acquired no title and had none to convey to the plaintiff, whose only remedy, if he was misled, was by an action on a warranty in the deed to recover back the purchase money. This is not the law. It is true that as against creditors defrauded, Savilla Allison's title was invalid, if she had notice or knowledge of the fraud of her grantor, but the title of the plaintiff could be impeached only by proof of notice affecting him or of his knowledge of the fraud. Bona fide purchasers from a fraudulent grantor are protected by the statute of 13 Elizabeth, ch. 5, and it is a settled rule that the protection extends to a purchaser from a fraudulent grantee : Hood v. Fahnestock, 8 Watts, 489. The deed of a fraudulent grantor is not a nullity nor ineffective to divest his title as against the paramount interest of a bona fide purchaser.

As the case goes back for trial, the exceptions to the admission of declarations made by Mrs. Keck after she had parted with the title, require notice. The general rule that the declarations of a grantor made after the execution of a grant cannot be used to impeach it, has been so far modified that when the good faith of a transfer has been attacked by creditors and some evidence has been advanced to show a common purpose or design by the parties to hinder, delay or defraud creditors, subsequent declarations by the grantor are admissible : Hartman v. Diller, 62 Pa. 37 ; Souder v. Schechterly, 91 Pa. 83. The vital question in this case was whether the plaintiff had notice or knowledge of a fraud on the creditors of Mrs. Keck. Until there was some testimony tending to show knowledge on his part, the testimony objected to was inadmissible. As the record of the trial then stood, there was nothing to impeach his good faith as a purchaser for value, and the testimony should have been excluded.

The suggestion in the charge that if Savilla Allison was a married woman at the time of her transfer to the plaintiff, she still held the title, as her deed was ineffective without the joinder of her husband, was not warranted by the testimony, even were it competent for a third party to question the conveyance on that ground.

To what extent the possession of the defendant was notice to the plaintiff when he acquired title, and whether the burden was on the plaintiff after notice to prove the payment of the

purchase money, are matters not raised by the exceptions, and do not at this time call for decision.

The judgment is reversed and a venire facias de novo awarded.