Byrne v. Dennis et al.

*Thomas S. Lanard*, for plaintiff; *Reuben Levi*, for Albert Dennis.
*Harry P. Felger*, for Ruth Sagen and William, Meyer and Benjamin Eglin.
*John Dolman*, for Mary Loney.
*Clinton A. Sowers*, for Paul and Marie Fulleborn.

*William W. Cohan,* for Lithuanian Central Building and Loan Association. *Jenkins & Bennett,* for Southwark Title and Trust Company.

MacNeille, J., May 5, 1930.—

### Statement of pleadings.

This is a bill in equity filed by complainant, alleging, in brief, that she was defrauded through the manipulations of one Frank R. Loney, a member of the Philadelphia Bar. The bill was filed May 1, 1928. It sets forth that the complainant on Oct. 11, 1926, was the owner of premises No. 1033 Ritner Street, in the City of Philadelphia; that Frank R. Loney represented that he had a purchaser for the premises for the sum of $6500, and, with intent to cheat and defraud the complainant, induced her to sign a deed thereto to one Albert Dennis; that Dennis was not a *bona fide* purchaser, and immediately gave a declaration of trust to Loney that he held the premises for Loney; that thereafter, through the manipulation of Loney, Dennis did, on Oct. 14, 1926, and without any knowledge of the complainant, convey the premises to Ruth Sagen, who, on Nov. 17, 1926, conveyed the premises to Mary M. Loney, and the said Mary M. Loney conveyed the premises to Paul Fulleborn and Marie Theresa, his wife, by indenture dated Feb. 15, 1927; that all this was done without the knowledge and consent of the complainant, and complainant received no consideration therefor.

The complainant prays that all these conveyances be declared fraudulent, void and of no effect, and that the Fulleborns be decreed to reconvey to the complainant and be enjoined from executing any transfer or conveyance or in any way encumbering the real estate pending the disposition of this bill.

The complainant subsequently filed an amendment to the bill, joining as additional defendants Frank R. Loney, William Eglin, Meyer Eglin, Benjamin Eglin, Lithuanian Central Building and Loan Association, St. Edmond's Building and Loan Association, David S. Greenberg, Southwark Title and Trust Company, and made the additional averments:

1. On July 21, 1926, a judgment note purporting to have been made by plaintiff to David S. Greenberg for $500 was entered in Court of Common Pleas No. 5, of June Term, 1926, No. 11561, which judgment note was satisfied of record Nov. 18, 1926. Complainant had no knowledge of this note and received no consideration.

2. On June 26, 1926, unknown to the complainant and with no consideration to her and alleged to have been made by her, a mortgage to the Lithuanian Central Building and Loan Association for $3500 against the premises in question was recorded; on Feb. 15, 1927, when the settlement purporting to be between Mary M. Loney and Paul Fulleborn and wife was made at the Southwark Title and Trust Company, covering the premises herein mentioned, there was deducted from that settlement $3585.07, which sum was then paid to the Lithuanian Central Building and Loan Association in satisfaction of said mortgage.

3. The amended pleadings contain an averment that Frank R. Loney was constituted by the Fulleborns as their attorney in this settlement for the said premises and that the Fulleborns profited by the fraud of their agent.

Answers to the complainant's original and amended bills were filed by all the defendants except Ruth Sagen and David S. Greenberg, who did not answer.

The defendant Albert Dennis answers that he took title at the request of Loney and gave Loney a declaration of trust; that he paid no consideration,

and that subsequently, at Loney's direction, he conveyed to Ruth Sagen. He denied any knowledge of any fraud perpetrated on the complainant.

The three Eglins answer denying any knowledge of the facts set forth in the bill. They aver that they owned a property upon which a certain Buckley Estate held a mortgage; that Mary M. Loney, the mother of Frank Loney, was one of the heirs in the Buckley Estate; that Loney claimed that he represented two of the heirs of the Buckley Estate who desired their share of the mortgage. The Eglins then paid to Loney, under the assumption that he was the attorney for the two heirs, the sum of $9600. They then found Frank Loney had cheated them; that he did not represent the two heirs; that he had no authority to receive the sum, and that he had stolen the same and converted it to his own use. The Eglins threatened to prosecute Loney, whereupon he represented to them that he owned the premises of the complainant in this suit and offered to convey this property to their nominee as security to them for $2000; that he gave them $2000 in cash, and the balance of the $9600, being $5600, was guaranteed as to repayment by his mother, Mary M. Loney. The Eglins named as their nominee to take title to the premises for the purpose of securing them one Ruth Sagen, whereupon, upon proper title insurance, the premises were so conveyed. Later, they agreed with Loney to have their nominee, Ruth Sagen, convey the premises to Loney's mother, Mary M. Loney, accepting her note to them, the Eglins, for $2000. This note was subsequently paid and thereby released; further, at the time Mary M. Loney conveyed the premises to the Fulleborns she paid the Eglins a further sum of $1026, which sum was paid out of said settlement.

The answer of the Lithuanian Central Building and Loan Association sets forth that on June 26, 1926, a mortgage was created by Bridget Byrne to the association for $3500, covering the premises in question, and that they paid to her the said sum of $3500 in good faith without any knowledge of fraud. Further, that at the settlement on Feb. 15, 1927, this mortgage was paid to them and duly satisfied.

The answer of Mary M. Loney sets forth that in November, 1926, she gave a judgment note for $2000 to secure a debt of her son and at that time received a deed to the premises in question as security. When the settlement was made at which the premises in question were conveyed to the Fulleborns, this note was paid, whereupon Mary M. Loney executed a deed to the Fulleborns; that she knew of no fraud in the matter.

The answer of the Fulleborns avers the purchase of the premises in question from Mary Loney, through her agent, Frank R. Loney, and denies that Frank R. Loney was the Fulleborns' agent or that they ratified anything done by him; that they paid him nothing for his services, but that they paid a fair, reasonable market price for the said property.

The answer of the Southwark Title and Trust Company, which insured the title to the Fulleborns, denies that Frank R. Loney was agent for the Fulleborns, and avers he was agent for Mary M. Loney.

The answer of St. Edmond's Building and Loan Association avers no knowledge of a fraud, but avers they made the loan of $5000 in good faith to the Fulleborns.

From the bill, answers and proofs the court makes the following

*Findings of fact.*

1. On or about June 26, 1926, Bridget Byrne, widow, was the owner in fee simple of premises No. 1033 Ritner Street, Philadelphia.

2. On June 26, 1926, Bridget Byrne executed a bond and mortgage in the sum of $3500 to the Lithuanian Central Building and Loan Association secured upon the said premises.

3. On July 14, 1926, Bridget Byrne executed a judgment note to David S. Greenberg in the sum of $500, which was subsequently satisfied of record.

4. On Oct. 11, 1926, Bridget Byrne was induced by the fraudulent representations of Frank R. Loney to execute a deed for the said premises to Albert Dennis, for which she received no consideration.

5. On Oct. 14, 1926, Albert Dennis, at the instance and request of the said Loney, and without receiving any consideration therefor, executed a deed to Ruth Sagen, nominee of William, Meyer and Benjamin Eglin.

6. The said Eglins took the property as security for the sum of $2000, owed to them by the said Loney.

7. On Nov. 17, 1926, the said Eglins, at the request of the said Loney, directed Ruth Sagen, their nominee, to convey the said property to Mary M. Loney, and accepted in place thereof the judgment note of the said Mary M. Loney in the sum of $2000.

8. On Feb. 15, 1927, Mary M. Loney, at the instance and request of the said Frank R. Loney, conveyed the said property to Paul Fulleborn and Marie Theresa Fulleborn, his wife, for a full and valuable consideration, to wit, $6500.

9. The said consideration was applied in satisfaction of the mortgage to the Lithuanian Central Building and Loan Association and of the indebtedness of Mary M. Loney to the Eglins, the balance being converted by Frank R. Loney to his own use.

10. In the said settlement the said Frank R. Loney acted as agent for the grantor, and his knowledge of the fraud practiced upon Bridget Byrne cannot be imputed to the Fulleborns, grantees.

11. None of the defendants in this action (except Frank R. Loney) had knowledge of, or was party to, the fraud upon the plaintiff, which was the sole act of Frank R. Loney.

12. None of the defendants (except Frank R. Loney) profited in any way by reason of the fraud of Frank R. Loney against the complainant.

### Discussion.

The complainant in this case is a widow and at present an inmate of the Home for the Aged of the Little Sisters of the Poor and apparently in destitute circumstances. By reason of her confidence in one Frank R. Loney, formerly an unworthy member of the Philadelphia Bar, she has through his machinations been defrauded of the property she once possessed and now seeks to have the court undo for her the result of her misplaced trust. The perpetrator of the fraud has been convicted of his crime and is paying the penalty therefor in prison. Unfortunately, however, despite the great sympathy which must be felt for the complainant, the course of events set in progress by this unworthy agent has proceeded to such a point that the rights of others equally as innocent as the complainant have intervened, and a finding in her favor would inevitably work a wrong towards them.

On March 28, 1901, William R. MacEwan conveyed unto Patrick Byrne and Bridget Byrne, his wife, as tenants by entireties, the premises known as No. 1033 Ritner Street, in the City of Philadelphia. Patrick Byrne died Feb. 15, 1917, leaving to survive him the plaintiff, his widow, in whom the title to this property vested in fee simple.

Complainant employed the said Frank R. Loney as her attorney and agent and appears to have been guided entirely by his counsel and advice and signed without question all papers which he brought her for signature.

On or about June 26, 1926, complainant, at the instance and request of the said Loney, executed a bond and mortgage to the Lithuanian Central Building and Loan Association for $3500, secured upon the said premises. After the usual precautions, title search, etc., settlement was made at the office of the Brotherhood of Locomotive Engineers Title and Trust Company. Complainant appears to have signed the settlement sheet and also an affidavit that she was a widow. The check for the proceeds of the settlement was drawn to her order and endorsed by her. Complainant in her testimony admitted signing the bond and mortgage, but stated that no one was present when she did so, except Loney, thus by inference denying the authenticity of the acknowledgment. She does not directly testify that she did not acknowledge the mortgage, and the notary was not called to testify regarding it. There is no testimony as to whether she attended the settlement or not, but every ordinary precaution appears to have been taken by the building association and the title company, and there is no suggestion that they were in any way parties to the fraud practiced upon the complainant. Under the Act of April 3, 1840, § 1, P. L. 233, the certificate of acknowledgment is *prima facie* evidence thereof, and of execution. The fraud, if any, being that of the agent of the mortgagor and not that of the mortgagee, and the mortgagee having parted with full consideration, the mortgage cannot be set aside when the signature is admitted and there is no evidence to disprove the regularity of the acknowledgment. See Pepper *v.* Cairns, 133 Pa. 114; Weir *v.* Washington Trust Co., 263 Pa. 72; Reehling *v.* Byers, 94 Pa. 316; Boyer *v.* Weimer, 204 Pa. 295; Jarvis *v.* Bell, 296 Pa. 568.

Complainant denies that she received any consideration for this mortgage or that she endorsed the check drawn to her order at the settlement. Whatever rights she may have by reason of such forged endorsement do not arise in this action nor against any of the defendants herein. The mortgage was a valid lien against the property, and its subsequent payment (as will hereafter appear) merely operated to discharge the lien and created no rights as against the Lithuanian Central Building and Loan Association. The request of complainant that a decree be entered against the Lithuanian Central Building and Loan Association, directing it to pay complainant the sum of $3585.07, the amount received by it in satisfaction of this mortgage, must be refused, and the bill should be dismissed as against this defendant.

It is averred in complainant's amended statement that on July 21, 1926, subsequent to the creation of the aforesaid mortgage, a judgment note purporting to have been given by complainant to David S. Greenberg, dated July 14, 1926, in the sum of $500, was entered of record in the Court of Common Pleas No. 5, as of June Term, 1926, No. 11561, and that on Nov. 18, 1926, the said judgment was satisfied of record. Complainant denies any knowledge of this note, but since it has been satisfied, further consideration of it may be dismissed except to note that the judgment was of record when the deed next referred to was executed. The bill as to David S. Greenberg, defendant, should be dismissed accordingly.

On or about Oct. 11, 1926, the complainant was desirous of disposing of her property. Her said attorney, Loney, then represented to her that he had a purchaser who was willing to buy it for the sum of $6500, and induced her to sign a deed to Albert Dennis, a student of law in the office of Loney, which deed was duly acknowledged and recorded. Dennis took the property subject,

of course, to the mortgage of $3500 and the judgment of $500, paid no consideration whatever, and executed a declaration of trust to Loney. This transaction was obviously a subterfuge on the part of Loney to get the property under his control without arousing the suspicions of complainant by making the deed in his own name. There is no evidence or allegation that Dennis knew of, or was in any way a party to, the fraud of Loney, and as the title has since passed from him, and as no relief is asked against him, the bill as to this defendant should be dismissed.

Subsequently, on or about Oct. 14, 1926, Loney became involved in difficulties by reason of a fraud practiced by him against the Eglins. He had secured from them the sum of $9600, ostensibly in partial payment of a mortgage against their property, and converted the money to his own use. When this was discovered, the Eglins threatened him with civil and criminal prosecution, and he thereupon paid them $2000 in cash, tendered title to the said premises No. 1033 Ritner Street, representing it to be his own property, as security for the payment of a further sum of $2000, and procured his mother, Mary M. Loney, to guarantee the payment of the balance, amounting to $5600. The Eglins had title to the property examined, and, finding no flaw therein, accepted a deed from Dennis to Ruth Sagen, their nominee. They were entirely innocent of any knowledge of the fraud upon the complainant.

Thereafter, on or about Nov. 17, 1926, Loney induced his mother, Mary M. Loney, to execute a judgment note to the Eglins for $2000, and the Eglins thereupon caused the said Ruth Sagen, their nominee, to convey title to the said premises to Mary M. Loney, who appears to have taken the same as security for the said note. There is some testimony that this note was subsequently paid; but at the time of the conveyance next referred to Mary M. Loney was indebted to the Eglins in the sum of $1026, and this sum was paid to them out of the proceeds of this next conveyance. Complainant suggests that a decree may be entered directing the Eglins to repay this sum of $1026 to her; but it is difficult to see how such an order may be made when the Eglins did not hold the title to the property at the time of the said payment, and from all that appears in the testimony this sum probably represented a repayment of the consideration originally paid by them for the property. The bill, therefore, should be dismissed as to William Eglin, Meyer Eglin, Benjamin Eglin and Ruth Sagen.

Mary M. Loney, the mother of Frank R. Loney, took title from Ruth Sagen as aforesaid. The testimony is somewhat conflicting as to the circumstances under which she acquired title, but there is absolutely nothing to show that any knowledge of the fraud against the complainant can be charged to her. She believed that her son had some interest in the property, the title of which was in the Eglins' nominee. She took title from the Eglins and gave her judgment note for $2000 as consideration therefor. She was, therefore, a holder for value, and plaintiff does not suggest that any decree be entered against her. The bill as to this defendant should be dismissed accordingly.

In February, 1927, Loney, acting as agent for his mother, sold the property to Paul Fulleborn and Marie Theresa Fulleborn, his wife, for a full and valuable consideration of $6500, the sum of $1500 being paid on account and the balance being paid at settlement held on Feb. 15, 1927, at the office of the Southwark Title and Trust Company, when a mortgage in the amount of $5000 was created upon the said premises by the Fulleborns to the St. Edmond's Building and Loan Association. No knowledge of the fraud upon the complainant is or can be imputed to either the Southwark Title and Trust

Company or the St. Edmond's Building and Loan Association, and the bill as to them should be dismissed.

There is nothing to show what disposition Loney made of the advance payment of $1500, but the proceeds of the settlement were applied in satisfaction of the mortgage held by the Lithuanian Central Building and Loan Association and in payment to the Eglins of $1026, as hereinbefore set forth, and a check for a small balance, amounting to $310.67, made payable to Mary M. Loney, was by her endorsed to Frank R. Loney. It is obvious, therefore, that the only one who profited from the ultimate sale was the said Frank R. Loney.

Complainant in the amended bill alleges that Loney in this transaction acted for the Fulleborns. They in their answer deny that he was their agent. The basis for the allegation is that in the copy of the settlement sheet of Southwark Title and Trust Company there is a charge of $50 against guarantees to Loney for services. There is no evidence as to what those services were, whether simply for drawing the papers or not. The answer of Southwark Title and Trust Company also denies that Loney acted for Fulleborns. The evidence falls short of establishing said relation, and even if it were established, the law is clear that his knowledge, not obtained in the course of the employment, could not be imputed to them.

An exception to the general rule that notice to the agent is notice to the principal arises in case of such conduct by the agent as raises a clear presumption that he would not communicate the fact in controversy, as where the agent acts for himself in his own interest and adversely to that of the principal: Gunster v. Power Co., 181 Pa. 327; Insurance Co. v. Central National Bank, 185 Pa. 586; Bair's Assigned Estate, 20 Pa. Superior Ct. 85.

The evidence does not convince the court that Loney acted as the agent of the Fulleborns, and even if he did, the law is clear that his knowledge cannot be imputed to them, and it is equally clear that they did not and could not have any actual knowledge of the fraud upon the complainant. The court cannot, therefore, make any decree against the Fulleborns, as requested by plaintiff, directing the reconveyance of the property to complainant or the payment to her of any sum of money, and accordingly dismisses the bill as to these defendants.

The issue in the case as to all of the parties can be summarized in the proposition of law where one of two innocent parties must suffer loss by reason of the fraud or deceit of another, the loss should fall on him by whose act or omission the wrongdoer has been enabled to commit the fraud: Vanderslice v. Insurance Co., 13 Pa. Superior Ct. 455; Froio v. Armstrong, 277 Pa. 18; O'Connor v. Clark, 170 Pa. 318; Shattuck v. Cement Co., 205 Pa. 197.

Complainant in her amended bill includes Frank R. Loney as a defendant. No appearance was entered for Loney, however, and there is nothing in the testimony to show that he was served with a copy of the bill. The court, therefore, while convinced of his guilt, is unable at the present time to enter any decree against him.

### Conclusions of law.

1. The loss of the complainant was occasioned solely by the wrongdoing of Frank R. Loney.

2. The said Frank R. Loney was enabled to commit the fraud against complainant by reason of his employment by her as her agent.

3. There is no evidence that any of the defendants, except Frank R. Loney, knew of his fraud against complainant, or that any of them, except Frank R. Loney, was chargeable with knowledge of his fraud against complainant.

4. All of the defendants, except Frank R. Loney, being as innocent as complainant, the loss as between them must fall upon the complainant, whose act in employing Loney made it possible for him to commit the fraud.

5. The bill must be dismissed against all defendants, except Frank R. Loney.

6. All requests for findings of fact and conclusions of law not consistent with the above are refused.

### Decree.

And now, to wit, May 5, 1930, the court orders and decrees that the bill of Bridget Byrne against Albert Dennis, Ruth Sagen, Mary M. Loney, Paul Fulleborn, Marie Theresa Fulleborn, Frank R. Loney, William Eglin, Meyer Eglin, Benjamin Eglin, Lithuanian Central Building and Loan Association, St. Edmond's Building and Loan Association, David S. Greenberg and the Southwark Title and Trust Company be dismissed as to all defendants except Frank R. Loney, on whom there has been no service of process.

NOTE.—Exceptions filed to the foregoing decree were dismissed by the court on June 18, 1930.