## Bair's Assigned Estate.

*Fraud—Two innocent persons—Release.*

Where one of two innocent persons must suffer loss by reason of fraud or deceit of another, the loss should fall on him by whose act or omission the wrongdoer has been enabled to commit the fraud.

Where a daughter executes and acknowledges a release of interest in real estate, and gives the release to her mother for the purpose of enabling the latter to convey a clear title to a contemplated purchaser, and the sale falls through, and three years thereafter the mother records the release, and borrows money by mortgage on the title thus cleared, the daughter has no claim in the land as against the mortgagee.

Argued March 12, 1902. Appeal, No. 7, March T., 1902, by Amanda Shelley, from decree of C. P. York Co., dismissing exceptions to auditor's report in the assigned estate of Eliza Bair. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of H. C. Niles, Esq., auditor, distributing fund raised by sale of real estate.

BITTENGER, P. J., filed the following opinion:
The exceptions are to the refusal of the auditor to award to

claimants and exceptants, Amanda Shelley, $937.76, principal and interest on her share of dower charged on the real estate of Eliza Bair, in the will of Michael Wollet, devising to his daughter, Eliza Bair, the real estate from the sale of which by the assignee the proceeds now for distribution were derived; and also the refusal of the auditor to award to H. H. Pentz $157.14, on his mechanic's lien.

The charge created by the will of Michael Wollet was a dower fund for his widow, the principal to be paid to his children, named in his will, after the death of his widow.

The auditor finds that the widow of the testator, Michael Wollet, died prior to 1891. After her death the shares of dower were payable to the children of the testator and became a debt which was discharged by the assignee's sale: Burkholder's Appeal, 94 Pa. 522.

The auditor finds that Eliza Shelley's, the exceptant's moneys, were among those first payable out of the fund for distribution, if she had not executed a release and delivered it, releasing her claim to her share of dower and the land from the same.

In 1891, Eliza Shelley, for the purpose of enabling her mother to make sale of the land to a certain Col. Copeland, executed the release in evidence by signing and duly acknowledging the same. It was delivered to her mother and placed among her title papers, where it remained without any demand for its return, after the mother's failure to make sale of her farm. In 1894, when Eliza Bair produced her title papers, including the release in question, to attorneys examining her title, with a view to her obtaining a loan on a mortgage from Edwin L. Landell, it was, with her title papers, placed upon record, whereupon said Edwin L. Landell loaned to her, Eliza Bair, the moneys mentioned in the report, without knowledge on the part of the mortgagee that the release as recorded, was intended to have any less effect then its appearance on the record book indicated.

The mortgage which said Edwin L. Landell took, and upon which the moneys therein mentioned were loaned to Eliza Bair, was taken on the strength of said dower fund being released, and the lands therein described freed from the charge and lien thereof, by Mrs. Shelley, as it appeared, on the record in the recorder's office, N. S. Ross, Esq., who was investigating the title of Mrs. Bair for the mortgagee, Landell, had this release

85, (1902).] Opinion of Court below—Opinion of the Court.

before him with the deeds, and ordered the deeds and release to be recorded. The counsel for the exceptant strenuously argued that the loan was made on the strength of the value of the farm of Mrs. Bair, without any reliance upon the release on record, which was notice to everyone interested that this charge for dower was released, but we have looked in vain in the testimony for any such evidence.

We must hold that Amanda Shelley is estopped by her action from showing that the release was only conditionally delivered, that she received no part of her share of the dower except $50.00, which was paid before her executing the release, and from claiming her said share of dower out of the proceeds of real estate, as against the mortgagee Edwin L. Landell, whose mortgage is not paid in full.

As to the exception to the auditor's refusal to award to H. H. Pentz $157.14 on a mechanic's lien, it appears the said mechanic's lien has been satisfied on the record, before the audit was held, and that it still stood so satisfied, and therefore there was no mechanic's lien which could be recognized by the auditor. The claim on this lien was properly rejected for the reasons stated by the auditor.

And now, October 13, 1900, the exceptions are dismissed at the costs of the exceptants, and the auditor's report is confirmed.

*Error assigned* was the decree of the court.

*H. H. Mercer*, with him *Ziegler & Son*, for appellant.

*N. Sargent Ross*, with him *H. C. Brenneman*, for appellee.

PER CURIAM, April 21, 1902:

Upon the facts found by the auditor whose report was confirmed by the court below, the refusal to allow the claim of the appellant was right. This is clearly shown in the auditor's report and the opinion of the court. Where one of two persons must suffer loss by reason of the fraud or deceit of another, the loss should fall on him by whose act or omission the wrongdoer has been enabled to commit the fraud: Vanderslice v. Royal

Insurance Co., 13 Pa. Superior Ct. 455; O'Connor v. Clark, 170 Pa. 318. This principle is applicable here. We need not elaborate further, nor cite other authorities.

The decree is affirmed and the appeal dismissed at the costs of the appellant.