## Browne et al. *v.* Hoekstra, Appellant.

*Equity—Appeals—Findings of fact by chancellor.*

1. Findings of fact by a chancellor, involving the credibility of witnesses and weight to be given their testimony, have the effect of the verdict of a jury, and will not be disturbed on appeal where there is testimony to support them.

*Mortgage — Payment to agent — Satisfaction — Principal and agent—Possession of papers—Evidence—Findings of fact—Fraud —Two innocent persons.*

2. Creating one an agent to receive payment of interest due on a mortgage does not make him an agent to receive payment of principal.

3. The mere possession of mortgage papers alone is not such a badge of agency as will warrant the conclusion by the mortgagor

that the one holding the papers is the agent of the mortgagee to receive payment of the principal. It may be a circumstance in connection with others leading to the conclusion of agency.

4. A mortgagor before paying his indebtedness to an agent may fully protect himself by demanding the exhibition of a power of attorney authorizing the receipt of the principal or by inquiry from the mortgagee as to whether payment to the agent is authorized.

5. Where, on a bill in equity to compel satisfaction of a mortgage, defendant claims payment of the principal was made to a person who was not his agent, the appellate court will affirm a decree for plaintiff, if it appears the decree was based on a finding supported by sufficient evidence that there were so many departures from the truth in defendant's story that the court could place little, if any, reliance on any part of it.

6. Under the facts of this case, the rule would apply that where one of two innocent persons must suffer loss by reason of the fraud of another, the loss must fall on him by whose act the wrongdoer has been enabled to commit the fraud.

Argued January 9, 1924. Appeal, No. 25, Jan. T., 1924, by defendant, from decree of C. P. No. 4, Phila. Co., March T., 1922, No. 4349, for plaintiff in equity, in case of Eleanor J. Browne and Georgianna E. Browne v. Jesse T. Hoekstra. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to compel satisfaction of mortgage. Before Mc-CULLEN, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Wesley H. Caldwell,* of *Roper & Caldwell,* for appellant.—Mortgage papers and letters found among the papers of an absconding attorney, are not admissible in evidence to show that the attorney was the agent of the mortgagee to receive the interest and principal of the mortgage: Pepper v. Cairns, 133 Pa. 114; Jamestown & Franklin R. R. v. Egbert, 152 Pa. 53; Hileman v. Falck,

263 Pa. 351; Singer Mfg. Co. v. Christian, 211 Pa. 534; Powell v. B. & L. Assn., 252 Pa. 587.

It is the duty of a debtor, bound by an obligation in writing, to see that the person to whom he pays money for his credit has authority to collect the money: Fischer v. Hale, 63 Pa. Superior Ct. 204.

The trial judge fails to mention or refer to any evidence showing departures from truth on the part of defendant, and a reading of the testimony fails to substantiate it, hence his conclusions have not the weight of a verdict by a jury: Grauel v. Wolfe, 185 Pa. 83; Holland v. Hayes, 40 Pa. Superior Ct. 195.

*Herman Muller,* for appellees.—Plaintiffs were justifield in paying the interest and principal to Lawson because he had the indicia of authority in having possession of the mortgage and other papers relating thereto: Mynick v. Bickings, 30 Pa. Superior Ct. 401; Fischer v. Hale, 63 Pa. Superior Ct. 204; Colonial Trust Co. v. Davis et ux., 274 Pa. 363; Hubbard v. Tenbrook, 124 Pa. 291; De Turck v. Matz, 180 Pa. 347.

Defendant acted with Lawson, in executing assignments of mortgages and entrusting to Lawson the delivery of the assignments and collecting the money: Patterson v. Vanloon, 186 Pa. 367; Hileman v. Falck, 263 Pa. 351.

Defendant allowed his mortgage papers and securities to remain in Lawson's possession: Mynick v. Bickings, 30 Pa. Superior Ct. 401.

OPINION BY MR. JUSTICE SCHAFFER, February 18, 1924:

By their bill in equity, plaintiffs sought a decree compelling defendant to enter satisfaction on the record of a mortgage covering their property, claiming they had paid the principal thereof to his duly constituted agent, William J. Lawson, who turned out to be a defaulter and absconded. After hearing, the court granted the

relief prayed for and defendant, the mortgagee, has appealed.

The decision of the case is not free from difficulty and but for one of the findings of the chancellor the decree entered could not be sustained.  He concluded and so found that there were "so many departures from the truth in the story related by the defendant that we can place little, if any, reliance upon any part of it."  We have said on a number of occasions, and in three particularly recent cases, Hardinge v. Kuntz, 278 Pa. 232; Bangor Silk Knitting Co. v. Wise, 277 Pa. 415, and Glenn v. Trees, 276 Pa. 165, that findings of fact by a chancellor, involving the credibility of witnesses and weight to be given their testimony, have the effect of the verdict of a jury, and will not be disturbed on appeal where there is testimony to support them.

The question to be determined is: Was Lawson the agent of the defendant to receive payment of the principal of the mortgage?  The chancellor determined he was.

The proofs disclosed that Hoekstra, the defendant, for whom Lawson acted as attorney for many years, had at various times placed in his hands sums of money aggregating more than $10,000 for investment in mortgages. Hoekstra averred that in these transactions Lawson did not act for him, but that he bought the mortgages from Lawson, as the agent of the then holders thereof.

Plaintiff took title to the property in question subject to the mortgage.  After defendant acquired it, plaintiffs made all interest payments thereon to Lawson, who receipted therefor as attorney for appellant.  These payments, however, did not warrant appellees in paying the principal to him, even though he was constituted by the mortgagee his agent for the receipt of the interest.  Creating one an agent to receive payment of the interest due on a mortgage does not make him an agent to receive payment of the principal.  "The fact that an agent is authorized to receive installments of interest as they become due on a note  or other obligation

does not give him implied power to collect the principal": 2 Corpus Juris 621. In Mynick v. Bickings, 30 Pa. Superior Ct. 401, the court said, at page 406: "The position of an investor would be most precarious if the fact that he employs an attorney from time to time when making loans and authorizes him to make collections of interest, and in special cases of the principal due on securities, is sufficient to warrant a finding of authority generally to collect the principal of all his client's mortgages and that, too, when the latter keeps possession of his obligations."

At the time one of plaintiffs paid the principal of the mortgage on September 16, 1921, she testified the mortgage papers were in the possession of Lawson. This the defendant denied and said they did not get into Lawson's hands until January 9, 1922. Defendant further testified that he turned the papers over to Lawson because the latter asked for them in order that he might prepare an assignment of the mortgage to a person who would take it, the obligation being past due, and he, defendant, having notified Lawson that it and other mortgages must be paid. After Lawson absconded, the bond and mortgage and other papers connected therewith were found in his law office in the customary filing envelope that he used, marked "Mortgage investments Jesse T. Hoekstra." Mere possession of the papers alone is not such a badge of agency as will warrant the conclusion by the mortgagor that the one holding the papers is the agent of the mortgagee to receive payment of the principal. It may be a circumstance in connection with others which may lead to the conclusion of agency. "The mere possession by an agent of notes or other securities evidencing an indebtedness, although a fact to be considered, does not of itself, confer authority upon such agent to receive payment thereof": 2 Corpus Juris 623.

It appeared that defendant had assigned another mortgage, at Lawson's request, and had delivered to him the mortgage papers for the purpose of receiving the

principal, thus indicating that in another similar transaction he had constituted the defaulter his agent to receive the amount due on a mortgage. To meet this testimony, defendant denied his signature to the assignment and set up that it was a forgery, but the notary public who took the acknowledgment to it testified that defendant had executed the assignment in his presence, that he had taken his acknowledgment thereto, and that the signature resembled other admittedly genuine signatures of the defendant with which he compared it. The chancellor found, on comparison of the denied signature with those admittedly genuine, that it was in defendant's handwriting. This, and other misleading statements of defendant, led the court to the conclusion that his testimony could not be relied on and we are not convinced there was error in so adjudging. It was also shown defendant knew prior to the time plaintiffs paid the mortgage that Lawson was a defaulter; that he had misappropriated moneys belonging to the defendant himself.

If appellant's denial of the agency and his explanation of the possession of the papers by Lawson be disregarded because of the unreliability of his testimony, and if credence is not given to his statement of what his relations with Lawson were, then from the other facts and circumstances in the case, giving to them the aspect most favorable to plaintiffs, as we are bound to do, the decision below being in their favor (Jakeway v. Lehigh Valley R. R. Co., 277 Pa. 236), it can be concluded that defendant placed in Lawson's hands a sum of money in excess of $10,000 for investment in mortgages, that Lawson represented appellant generally as his attorney, that he collected the interest on all mortgages which he purchased for defendant and attended to the insurance provided to protect him, that he was directed by appellant to call for payment of the principal of mortgages, that he received payment of the principal of another mortgage, belonging to defendant, with the latter's full

acquiescence, that although defendant knew he had misappropriated moneys belonging to him, he left in his possession the mortgage in question, which was past due, and thus enabled him to commit the wrong which he perpetrated. Under these circumstances, the rule would apply that where one of two innocent persons must suffer loss by reason of the fraud of another, the loss must fall on him by whose act the wrongdoer has been enabled to commit the fraud: Froio v. Armstrong, 277 Pa. 18.

From the evidence disclosed in this record and the inferences to be derived therefrom, drawing them in plaintiff's favor, and in the light of the court's finding of the untrustworthiness of defendant's testimony, we have concluded the decree should be affirmed, but in so deciding we desire to admonish those who deal with agents claiming to be authorized to receive the principal of mortgages, that the mere possession of the mortgage papers is not sufficient to establish agency, and to call attention to the fact that a mortgagor before paying his indebtedness to an agent can fully protect himself by demanding the exhibition of a power of attorney authorizing the receipt of the principal or by inquiry from the mortgagee as to whether payment to the agent is authorized.

The decree is affirmed at the cost of appellant.