Mielcuszny et ux. *v.* Rosol (et ux., Appellant).

Argued September 26, 1934.  Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James P. McArdle,* with him *Frank F. Troup,* for appellant.

*Blair F. Gunther,* with him *Joseph S. D. Christof,* for appellee.

OPINION BY MR. JUSTICE KEPHART, November 26, 1934:

This appeal is from a refusal to open a judgment entered on a bond accompanying a mortgage. An application to open a judgment entered upon a warrant of attorney is an equitable proceeding, addressed to the sound discretion of the court and to be disposed of in accordance with equitable principles. The judge sits as chancellor. On appeal this court determines only whether the discretion has been abused.[1] An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misap-

---

[1] Earley's App., 90 Pa. 321; Wernet's App., 91 Pa. 319; Kneedler's App., 92 Pa. 428; Jenkintown N. Bk's. App., 124 Pa. 337; Augustine v. Wolf, 215 Pa. 558; Wright v. Linhart, 243 Pa. 221; Peters v. Alter, 89 Pa. Superior Ct. 34. In Fischer v. Hale, 63 Pa. Superior Ct. 204, at 205, it is said: "......unless there is an abuse of discretion in the conclusions reached on the facts presented, or an erroneous opinion as to the legal effect of such testimony, this court will not disturb the discretion exercised: Cinnaminson Park Co. v. Laws, 63 Pa. Superior Ct. 189."

plied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused.

It is contended with much vigor that Mary Rosol, one of appellants, did not sign the bond and mortgage but that her mark which indicated her signature was forged. She is the only witness to this statement. Appellee produced the testimony of two witnesses, both of whom testified they saw her affix her mark. Without any challenge to the credibility of these witnesses, the court did not err in concluding that she had signed the papers.

To open a judgment there must be more than a mere conflict of evidence; it is not a case of oath against oath, but there should be such evidence as carries conviction as to truth, so that a chancellor in forming his deliberate judgment is impressed with the fact that the ends of justice would be met by opening the judgment and submitting the matter to a jury. On the record here presented, the conclusion of the court below was proper.

The mortgage and bond were executed in blank. Mary Rosol and her husband believed Korpanty, the attorney who procured the money from appellee, was the mortgagee; they did not know appellees had furnished the money. While appellees state they dealt only with Korpanty and never with the Rosols, this fact does not relieve the Rosols. Where one executes a bond and mortgage in blank and places it in the hands of a third person, he assumes all the consequences of his act. In this case appellants are bound to the actual mortgagees since they received full consideration for their promise to pay.

Appellants seek to be relieved of the amount of the mortgage to the extent of the $2,000 of principal they paid Korpanty, since, at the time they made the payment, they believed, in good faith, that he was the mortgagee. They urge that, notwithstanding the fact that appel-

lants sought out Korpanty to secure the money, appellees had, by their course of dealing, constituted him their agent to handle all matters in connection with the mortgage, including the collection of principal. A debtor pays at his own risk when he pays his debt to another than the person to whom it is owed. Money owed must be paid to the one to whom it is due or his authorized agent. When a debtor pays money to an agent of a creditor, the burden rests upon him to establish agency. This may be done by direct evidence or testimony from which the relation of principal and agent may be implied: Dobbs v. Zink, 290 Pa. 243; Pore v. Duke, 303 Pa. 528, 531.

While in collecting and remitting interest every six months, Korpanty may have acted for appellees, this did not empower him to collect principal, nor authorize the debtors to pay him as agent.[2] Implied agency may arise from previous receipts of principal, which had been approved by the mortgagee: Williams v. Cook, 289 Pa. 207; Patterson v. Van Loon, 186 Pa. 367. While the receipt of money by an attorney who entered the judgment of record may be some evidence of agency (Miller v. Preston, 154 Pa. 63), standing alone, this is not sufficient. It has been held that the general control of a principal's business and a course of dealing with reference to the principal's affairs such as the receipt of money due with the approval of the principal will be sufficient evidence to establish implied agency: Standard Leather Co. v. Ins. Co., 224 Pa. 186. Possession of the securities is also some evidence of agency (Lewis v. Matias, 300 Pa. 238), but standing alone, it also is not sufficient: Browne v. Hoekstra, 279 Pa. 418, 422. The Superior Court has held that the designation of the place of payment is not sufficient in itself: Zimmer v. Zsigmond, 109 Pa. Superior Ct. 322. We may deduce

---

[2] Browne v. Hoekstra, 279 Pa. 418; Mynick v. Bickings, 30 Pa. Superior Ct. 401; see Williams v. Cook, 289 Pa. 207, 212.

from the decisions of this court that a mortgagor is held to a very strict rule to show agency when he undertakes to justify paying the amount due on a mortgage to a third person.

When appellant and her husband paid Korpanty the principal, they did so at their own risk. They did not ask him to produce the documents; in fact, he did not possess them. They could easily have protected themselves by demanding to see the mortgage and bond and ascertaining in a prudent way his relation thereto. In this they failed. They cannot penalize appellees for this omission on their part. On them rests the blame for creating the situation which permitted Korpanty to appropriate the funds. On them must fall the loss: Browne v. Hoekstra, supra; Wolfgang v. Shirley, 239 Pa. 408; Peters v. Alter, 89 Pa. Superior Ct. 34. Where one of two innocent persons must suffer loss by reason of the fraud of another, the loss must fall on him by whose act the wrongdoer has been enabled to commit the fraud: Froio v. Armstrong, 277 Pa. 18; Bair's Assigned Est., 20 Pa. Superior Ct. 85.

A case nearly identical is that of Peters v. Alter, supra, where the Superior Court affirmed the discharge of the rule to open judgment.

Undoubtedly appellants were badly misused and imposed on, but appellees cannot be held responsible. Appellants' attorney, Korpanty, was the cause of their misfortune and, however much we may sympathize with them, we cannot save them from the results of their misplaced confidence and ignorance.

Judgment affirmed.