## Geldi's Petition

*Samuel D. Conover*, for petitioners.
*Russell J. Brownback*, trustee ad litem.

KNIGHT, P. J., January 10, 1945.—Petitioners are owners as tenants in common of a piece of real estate known as 315 West Fifth Street, Lansdale, Montgomery County, Pa., which they inherited from their father, Joseph or Guiseppe Geldi. On March 23, 1926, the father together with his wife, Guiseppina, who has since died, created a mortgage of $1,700 in favor of Angelo Loro and secured on the above-mentioned premises.

Loro, the mortgagee, died on September 15, 1935, and letters testamentary were granted by the Register of Wills of Montgomery County to Antonio Di Falia, the executor named in the will. During the mortgagee's lifetime the mortgage principal had been reduced by payments on account to $500, and the mortgage was

listed at that figure in the inventory and appraisement filed by the executor.

Petitioners aver that their father, Guiseppe Geldi, prior to his death made further payments on account of principal to the mortgagee's executor, by reason of which the principal was further reduced to the sum of $25.

It appears, however, that whatever payments were made after Loro's death were made not directly to Di Falia, the executor, but to his attorney in Philadelphia. It further appears that the executor in his account filed on May 8, 1937, carried this mortgage as an unconverted investment security at a valuation of $500, and it was awarded as such in the adjudication of the orphans'. court dated August 2, 1937, to the Royal Italian consul general for transmittal and payment to the mortgagee's heirs.

On May 3, 1938, a decree was entered in the orphans' court discharging the executor. To the petition requesting such discharge was attached the receipt of the consul general for the unconverted mortgage at $500.

No assignment or partial satisfaction is noted on the record of the mortgage, and consequently the record title to the mortgage is still in Di Falia, the executor, although Loro's heirs are the persons beneficially interested therein.

The whereabouts of the executor does not appear.

In this situation the owners of the property seek to take advantage of the provisions of the Act of May 25, 1887, P. L. 270, which provides that where a dispute has arisen between the parties as to the amount to be paid on a mortgage in order to pay the same in full, the owners of the mortgaged premises may petition the court setting forth the facts and asking that the holders of the mortgage be notified that they are required to issue a scire facias thereon within six months of such notice, lest the mortgage be ordered

satisfied of record upon payment into court of the amount alleged to be due by the property owners.

After stating the facts, petitioners required and obtained the appointment of a trustee ad litem to represent all parties interested in the mortgage, and the necessary notice was served upon Russell J. Brownback, Esq., who was so appointed.

Mr. Brownback filed a report which sets forth the results of his comprehensive investigation both of the facts and the legal questions involved. Briefly set forth, his conclusions are as follows: (1) He is unable to proceed by a scire facias because he does not know who are the owners of the mortgage, and should such owners be enemy nationals, the alien property custodian would be the proper party to take any proceedings; (2) the Act of 1887 is not appropriate in this case, because there is no "dispute" as to the amount due, since the payments in reduction of the principal from $500 to $25 were made to a person who is not shown to have authority to receive payments of mortgage principal; (3) petitioners' remedy is under the Act of June 20, 1883, P. L. 138, which provides the procedure for the satisfaction of a mortgage where the holder of the mortgage resides without the Commonwealth or has removed therefrom.

We must agree with the conclusion of the trustee ad litem. First, as to the title to the mortgage we are bound by the records. No assignment appears on the record of the mortgage, and title thereto was vested in the mortgagee's executor upon his qualifying as such. He is without power presently to make an assignment of the mortgage or to take action thereon for upon his discharge his authority ceased. Whether he made an assignment which is as yet unrecorded is a question which we cannot consider at the moment. The mere fact that the security was *awarded* by the adjudication to the Italian consul general does not accomplish an assignment thereof, as such an award contem-

plates a future transfer by the fiduciary. Consequently the trustee ad litem cannot act, for it is impossible for him to know where the title to the mortgage lies or to know whom he represents.

Second, on the facts presented there is no "dispute . . . between the parties as to the amount to be paid . . . in order to satisfy the same in full".

As the trustee has pointed out, this would seem to be a condition precedent to the application of the terms of the act of assembly. Here there is no "dispute", for that word contemplates a controversy or at least the expression of opposing opinions which is certainly not the case here. The payments to an attorney in the absence of his special authority to receive them, may be of doubtful validity to effect a reduction of the mortgage principal from $500 to $25, but we cannot deem that uncertainty such dispute as is contemplated by the act, and unless petitioners can provide evidence establishing the authority of the attorney to receive principal payments, the balance of principal must be deemed to be $500. See Mielcuszny et ux. v. Rosol et ux., 317 Pa. 91 (1934), and other cases cited in the trustee's report. That being the case, there is no dispute as to the amount due and the Act of 1887 is inapplicable. This was the view taken in Bruce v. Beckman, 28 Del. Co. Rep. 510 (1938).

Third, having thus determined that there is no dispute, the Act of 1883 seems to be available for the relief of petitioners, as they certainly cannot know just who is the legal holder of the mortgage nor the whereabouts of any possible holder.

And now, January 10, 1945, for the foregoing reasons, it is ordered, adjudged and decreed, as follows:

The decree entered under date of September 22, 1944, is revoked.

The fee of Russell J. Brownback, Esq., trustee ad litem, is fixed at the sum of $25, which the prothono-

tary is directed to tax as part of the costs of this proceeding.

The petition is dismissed at the cost of the petitioners.