## Appeal of West Scranton Democratic Club

*Joseph Tedesco* and *Thomas Foley*, for appellant.

*Peter P. Jurchak*, for Pennsylvania Liquor Control Board.

HOBAN, J., October 23, 1946.—This is an appeal from a refusal of the Pennsylvania Liquor Control Board to issue a club liquor license.

The board stated a number of specific reasons for refusing the license, a number of which were eliminated by agreement at the hearing on this appeal. Two objections remain: First, the issue of this license would exceed the Quota Law: Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1002. Second, that the premises occupied by the club for which a license is sought are inadequate for the membership of the organization and are not properly equipped to carry out its functions.

This court has repeatedly held that bona fide clubs are not subject to the restrictions of the Quota Law: Appeal of Gerald Buckley Post, 56 D. & C. 583.

But the objection that the premises are inadequate for the membership of the organization raises what appears to be a new point. It involves consideration as to whether the Liquor Control Board under its discretionary power to issue or withhold club licenses

may refuse a license to a club for the reasons stated, when neither the Liquor Control Act nor any regulation of the control board defines adequacy of premises or equipment, nor sets up any standards by which these factors may be measured.

From the testimony it appears that appellant is lessee of premises consisting of a single room which had been used by a previous tenant as a taproom, in which the club maintains its headquarters and conducts meetings. The room is 28 by 30 feet in size, or 840 square feet of floor space, and includes within it a bar 20 feet long, which occupies an estimated 100 square feet. There are several removable booths along the walls of the room which can be set aside for purposes of preparing the room for gatherings. Hence for meeting purposes approximately 700 square feet of floor space are available. Officers of the club testified that the room was adequate to contain all the members who attended meetings, and a simple mathematical calculation will show that by utilizing the available space the room should be large enough to hold 150 to 200 persons. The membership of the club at the time of filing the application was reported as 230 members.

The Liquor Control Board has no published or otherwise established standards for determining whether any club premises are adequate for the purposes of such clubs. The Liquor Control Act itself furnishes no standard. The words and phrases section of the Liquor Control Act contains the following:

". . . and which regularly occupies, as owner or lessee, a club house or quarters for the use of members: Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, art. I, sec. 2, as amended by the Act of May 21, 1943, P. L. 403, 47 PS §744-2.

At the suggestion of the court, counsel for the Liquor Control Board agreed to secure from the board an expression of opinion as to whether the board would

continue to press this objection, in view of the fact that all the others except the matter of the Quota Law had been eliminated at the hearing de novo. The court has been informed that the board maintains its objections to the adequacy of the premises and equipment for the sole reason that in the opinion of the board this one room is inadequate to accommodate a membership of over 200. In maintaining its position the board still offers no standard and cites no regulation setting up any measuring rod.

If the matter were referred to the independent judgment of the court we could decide with propriety that the premises were adequate. It is noted that both restaurant liquor licenses and retail dispenser licenses may be granted to a restaurant or eating house with a limited floor space of 400 square feet: Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15 (Sp. Sess.), art. I, sec. 2, as amended; Beverage License Law of May 3, 1933, P. L. P. L. 252, sec. 2, as amended.

But under the Liquor Control Act the licensing of a club is discretionary with the board. Article IV, sec. 403 of the Liquor Control Act, contains the following:

". . . the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club, *may, in its discretion,* issue a license: . . ."

Has the board abused its discretion in refusing the license in this case because in its opinion the premises are inadequate and the equipment insufficient?

The matter of abuse of discretion has been considered by the Supreme Court of Pennsylvania in several cases:

"An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law

is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused": Mielcuszny et ux. v. Rosol, 317 Pa. 91.

"In reviewing the exercise of discretionary power, it is impracticable to lay down a general rule that will determine when such a petition should be granted and when it should be refused. The circumstances of the particular case must control. When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power": Garrett's Estate, 335 Pa. 287, 292-93.

The principles expressed in the above cited cases are equally applicable upon a review by the Court of Quarter Sessions upon appeal from the exercise of the discretionary powers of the Liquor Control Board. We think that the withholding of a license from a legitimate club, on the ground that to do so would violate the Quota Law, is an abuse of discretion, because, in our opinion, by so doing the law is overridden or misapplied.

As to the other reason for refusing this license, there is no evidence in the case to indicate partiality, prejudice, bias or ill will on the part of the board. Since there is neither law nor regulation to guide the board or the courts, the only remaining test we can apply to the action of the board is whether or not it was manifestly unreasonable.

The Garrett case, supra, decided that appellants have the burden of showing that the action of the court or agency appealed from is manifestly unreasonable. From the evidence in this case we are

unable to conclude that appellant here has maintained this burden. An administrative agency, through its wide experience in matters of this sort, is just as capable, if not more so, of deciding what is a reasonable standard to apply to any particular case as is any court. As stated in the opinion in the Garrett case, it is not sufficient to persuade the appellate court that it might have reached a different conclusion if the court had the initial duty of deciding the question. If such were the case, this court would probably have reached a different conclusion than the board. We may regard it as a serious deficiency on the part of the legislature and the board itself to fail to provide standards by which applicants may be guided in making applications for club licenses. But it is not the function of the court to cure legislative omissions or to supply administrative regulations.

In our opinion for this court to adjudge that the premises are adequate would be in itself an arbitrary action, and as we read the law we have no more power to engage in arbitrary decisions overriding the actions of an administrative agency than such agency itself has the power to exercise its discretion in an arbitrary fashion.

We are forced to dismiss this appeal with considerable reluctance, because the West Scranton Democratic Club, appellant here, is one of undoubted standing and influence. It is one of the type of associations which are familiar in the history and development of American politics. Many of these clubs have assumed positions of great importance in both national and local political life. They have been substantial factors in the development of our recognized two-party system, and they are and should be entitled to all the benefits and privileges of other similar organizations, the small club no less than the great and wealthy one. But under the law and the evidence we are not

452

convinced that the action of the board was so manifestly unreasonable as to warrant this court in reversing it.

Now, October 23, 1946, the appeal is dismissed, without prejudice to the right of appellant to reapply for a club liquor license at any time that it may be established in quarters which are appropriate and adequate for the purpose of the organization.