A Condemnation Proceeding in Rem by Hatfield Township for the Purpose of Acquiring Fee Simple Title to Property Situate in Hatfield Township for Park and Recreational Purposes. Edgewood Building Co., Inc., Appellant.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*C. Stephens Vondercrone, Jr.,* with him *Pearlstine, Salkin, Hardiman and Robinson,* for appellee.

OPINION BY JUDGE ROGERS, May 29, 1979:

Edgewood Building Co., Inc. (Edgewood), has appealed from an order of the Court of Common Pleas of Montgomery County granting Hatfield Township's motion to strike Edgewood's preliminary objections to a Declaration of Taking and denying the prayer of Edgewood's petition for leave to file its preliminary objections nunc pro tunc. The court struck Edgewood's preliminary objections because they were filed more than thirty days after service of the Notice of the filing of the Declaration and denied Edgewood's application to file preliminary objections nunc pro tunc for their failure to give sufficient reason why Edgewood should have that relief.

The subjects of the Township's Declaration of Taking were a number of small lots in an old land sub-

division, some owned by Grace Building Co., Inc., some owned by Curtis Building Co., Inc. and two owned by the appellant, Edgewood. Each of the owners was served with the Notice of the filing of the Declaration of Taking by certified mail sent January 10, 1977. Return receipts showed that the mailing to Edgewood was delivered on January 11, 1977 and that the mailing to Curtiss was delivered on January 13, 1977. For reason not necessary to explain, the Notice was not sent to Grace but it nevertheless filed timely Preliminary Objections. On February 14, 1977 an attorney representing all three condemnees filed one pleading setting out preliminary objections of each of the condemnees. The Township's motion to strike Edgewood's preliminary objections followed.

Edgewood says that the court below should not have struck its preliminary objections because the certified mail by which service of the Notice of condemnation was made was sent without restrictive notation, by which it seems to mean without requiring the postal authorities to deliver the item only to some individual Edgewood officer, agent or employee. Edgewood relies in this regard on Pa. R.C.P. No. 2180, providing that service on corporations and similar entities in actions covered by the Rules of Civil Procedure shall be made on officers, persons in charge of an office or persons authorized to accept service. The argument is wholly without merit. Section 405 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, 26 P.S. §1-405, provides:

> (b)  The notice shall be served within or without the Commonwealth by any competent adult, in the same manner as a complaint or writ of summons in assumpsit, *or* by certified or registered mail, to the last known address of the condemnee. . . . (Emphasis added.)

The comment of the Joint State Government Commission 1964 Report states, "Where the notice is mailed, the condemnor has the option of using either certified or registered mail." The "or" emphasized in the above quoted language is meant to be disjunctive. *Spector v. Vignola*, 446 Pa. 1, 285 A.2d 869 (1971). Therefore, the Notice of filing of the Declaration of Taking was properly served by certified mail. Edgewood's reliance on Pa. R.C.P. No. 2180 is misplaced. The Eminent Domain Code provides the exclusive procedure for application in actions subject to the Code and the Rules of Civil Procedure have no application to such actions. *Pennsylvania Department of Transportation v. Ambrosia*, 24 Pa. Commonwealth Ct. 8, 354 A.2d 257 (1976). Furthermore, Edgewood does not explain how the Township would know who were the corporations' officers, employees or agents or why the postal authorities would undertake to deliver mail to a corporate functionary by the title of officer, employee or agent.

Edgewood has a heavy burden in undertaking to show that the court below abused its discretion in denying the prayer of the petition to file preliminary objections nunc pro tunc. Section 406 of the Code, 26 P.S. §1-406, provides pertinently:

> (a)  Within thirty days after being served with notice of condemnation the condemnee may file preliminary objections to the declaration of taking. The court upon cause shown *may* extend the time for filing preliminary objections.
> ... (Emphasis added.)

We had the same issue before us in *Smith v. Pennsylvania Department of Transportation*, 25 Pa. Commonwealth Ct. 56, 358 A.2d 734 (1976). We held there that where the condemnee provided no excuse for the late filing of preliminary objections and the condemnor

bore no responsibility for the delay, the court's refusal to permit a late filing was not an abuse of discretion. Edgewood alleged that its failure to inform its counsel of the date it received the Notice of the Declaration of Taking was the result only of inadvertance and there is nothing in the record suggesting that the Township had anything to do with the late filing. Finding nothing manifestly unreasonable, partial, prejudiced or biased in the lower court's action, we will not disturb it. *See Mielcuszny v. Rosol,* 317 Pa. 91, 176 A. 236 (1934).

Order affirmed.

ORDER

AND Now, this 29th day of May, 1979, the order of the Court of Common Pleas of Montgomery County, entered on October 14, 1977, granting Hatfield Township's motion to strike the preliminary objections of Edgewood Building Co., Inc. to the Declaration of Taking and denying the prayer of Edgewood's petition for leave to file preliminary objections nunc pro tunc, is hereby affirmed.